UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

05 NOV 28 PM 3: 43

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

MARK BARCLAY
    Petioner,

    v.

MARGARET BRADSHAW,
    Warden, Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:05 CV 143

JUdge Boyko

Magistrate Judge Limbert

**PETITIONERS TRAVERSE/Answer**
**TO RETURN OF WRIT**

---

    Petitioner, pro se hereby submitts his response to Respondents Answer/Return of writ filed and received by this court in the above listed Case No.

    Attached hereto and in support of same is petitioners traverse with authority attacking Respondents answer, and setting forth more fully why this court should grant petitioners request pursuant to 28 U.S.C. §2254 by a person in State Custody.

Respectfully submitted,

*Mark Barclay* #434-816
Mark Barclay, Petitioner,

## MEMORANDUM IN SUPPORT

On January 27th, 2005 Petitioner filed a pro se petition
pursuant to §2254, seeking relief from his conviction by a State
Court. In support of his claims, petioner set forth four (4)
grounds for this courts consideration.

On September 21, 2005 Respondent, Margaret Bradshaw submitte
her response a copy of which was received by petitioner on the
23rd day of September.

On page 8, of Respondents answer Respondent alleges that
"All of the grounds raised in Petitioner's petition for habeas
corpus are procedurally defaulted as they were not fairly pre-
sented to the State courts."

The sixth Circuit uses a four-step analysis to determine
whether a claim has been procedurally defaulted. see Maupin
v. Smith, 785 F.2d 135 (6th Cir.) Under this test, the court
determins (1) Whether the petitioner failed to comply with an
applicable State procedural rule,(2) whether the State courts
actually enforce the State procedural sanction, (3) Whether
the State procedural bar is an "independant and adquate" State
ground on which the State can foreclose Federal review, and
if the previous elements are met, and (4) whether the petitioner
has demonstrated "Cause and Prejudice". In essence a finding
of procedural default stops habeas corpus relief, unless the
petitioner can show cause for the default and actual prejudice
see, Coleman v. Thomposon, 501 U.S. 722, 729 (1991) A petitioner
can also overcome a procedural default if he can show that a
failure to review his claim on their merits would be a fund-

umental miscarriage of justice. see, <u>Murray v. Carrier,</u> 477
U.S. 478, 496 (1989) <u>Coleman v. Michell,</u> 244 F3d. 533, 540
(6th Cir.)

## THE CAUSE AND PREJUDICE EXCEPTION TO THE PRODEDURAL DEFAULT:

If the State has asserted the procudural default doctrin in a
timely and proper fashion, and if each of the preconditions for
its application has been satified,(i.e. if the petitioner actually
committed a procedural default, the default provides an "independent
and "adequate" State procedural ground for decision, and the last
State cOurt decision unambiguously relied on this procedural ground
to deny relief.) the petitioner is barred from raising the defaulted
claim as a basis for Federal habeas corpus relief unless he can
(1) excuse the default by demonstrating cause for the default and
actual prejudice as a result of the alleged violation of Federal
Law. or (2) Show that the case falls within the category of cases
that the Supreme Court has characterized as "Fundamental Micarriages
of justice. Coleman v. Thompson, supra, 501 U.S. at 750, Sawyer
v. Whitley, 501 U.S. 333, 339 (1992), Dugger v. Adams 489, U.S.
401-11 (1989) Smith v. Murray, 477 U.S. 527, 537-38.

Cause, having first imported the concept of "Cause" into the
habeas corpus contex in 1977, the Supreme Court has not yet "given
the term the term "cause" precise content." or essayed a compre-
hensive, catalog of the circumstances that would justify a finding
of cause. for a procedural default, accord, <u>Edwards v. Carpenter,</u>
529, U.S. 446, 451 (2000). Instead the court has stated generally
that "cause" for a procedural default exists if the "prisoner can

show that some objective factor external to the defense impeded

counsels efforts to comply with the States procedural rule. see

Murray v. Carrier, supra, 477 U.S. at 488.

The concepts of objective factors and external impediment have

broad application. Although the court has not yet said so in the

habeas corpus contex, its decisions in other contexs suggest that

the "objective/external factors" capable of excusing a default may

include all "extrodinary circumstances" suggesting that the party

was prevented from complying by forces beyond its control. see

Pioneer Invest. Serv. Co. v. Brunswick Assoc. Ltd Partnership, 507

U.S. 380, 387-88, 393-95.(1993) Klapprott v. United States, 335

U.S. 601 ,613.

Although, as indicated above, the Court has not yet supplied

an "exhaustive" catalog of objective impediments to compliance with

a procedural rule, the court, or in some cases the lower courts,

have concluded that the following situations satisfy the "cause"

requirement. (1) Actions of the State, State Courts, or other

officials hindered compliance with the procedural rule or made com-

pliance, impracticable. Strickler v. Greene, 527 U.S. 263, 283,

289 (1999). (2) Petitioners counsel was responsible for the default

and counsels actions, (or omissions) in this regard may properly

be "imputed to the State because:

> (a) The default occured at a stage of the
>
> proceedings at which the petitioner was
> constitutionally or statutorily entitled
> to the effective assistance of counsel (
> which includes certain pretrial proceedings
> the trial itself, and under certain circum-
> stances, the appellate and post-conviction
> stages of a case.) and counsel rendered in-
> effective, assistance in violation of the

> > > sixth amendment (either in general
> > > or simply with repect to the defaulted
> > > issue.)
> > >
> > > (b) Petitioner's counsel was responsible
> > > for the default, but petitioner cannot
> > > be required to "bear the risk of the
> > > attorney's error that resulted in the
> > > procedural default. because counsel was
> > > not acting as petitioners agent with re-
> > > gard, to the default.

(3) Responsibility for the default "properly may be imputed to the

State because the petitioner was acting pro se at the time the defaul

occured, and because:

> > > (a) the petitioner was forced to act
> > > pro se as a result of a violation of
> > > the petitioners constitutional or
> > > statutory rights to counsel, to
> > > effective assistance of counsel,
> > > to conflict, free counsel, or to
> > > retain counsel of choice.
> > >
> > > (b) A judge, prosecutor, court clerk
> > > or some other official interfered
> > > with the petitioners ability to
> > > comply-or failed to take reasonable
> > > steps to facilitate the petitioners
> > > compliance, with the applicable state
> > > procedural rule.

Prejudice: The Supreme Court has not yet provided a precise

definition of the prejudice half of the "cause and prejudice"

exception to the procedural default doctrine. see for example, Amadeo

v. Zant, 486 U.S. 214,221, Wainwright v. Sykes, 433, U.S. 72, 87.

United States v. Frady, 456, U.S. 152,168. The court has said that

prejudice requires more than a possibility of prejudice, and the

error must have "worked to the petitioner's actual and substantial

disadvantage.

Petitioner conceeds in his answer to the return of writ that those grounds raised in his habeas corpus are, as Respondent has argued, been proceduraly defaulted. However, petitioner submits that this default can be attributed to several factors recognized by the courts to be an exception to the default doctrin, cheifly among them is the State intervention cause.

## CAUSE FOR DEFAULTED CLAIMS.

As previously noted, the court in Strickler, supra, has stated that acts or omissions by counsel could be grounds for excusing the default. In the instant habeas petition, petitioner was lead to believe that his case would be given consideration by the Ohio Public Defenders office for additional litigation to the Ohio Supreme court,(i.e. the States highest Court.) however, only days before the deadline was due to file his merit brief to the Ohio Supreme court, petitioner was informed by the Ohio Public Defenders office that no assistance would be provided to him. This left petitioner with practically no time to prepair a timely appeal to the court in order that his claims may be properly exhausted for Federal review and as such, counsels untimely notice deprived petitioner of the opportunity to seek counsel elsewhere or accord him the opportunity to file a timely appeal for exhaustion purposes, and thereby pre-judiced, petitioner beyond a reasonable doubt.

## ACTUAL INNOCENCE CLAIM:

A petitioner who has committed a procedural default may be excuse from the default and obtain federal review of his constitutional

claims only by showing "cause" and "prejudice" or by demonstrating that failure to consider the claims will result in a fundamental miscarriage of justice. As the courts has explained, the "principles of comity and finality that inform the concepts of cause and prejudic must yield to the imperative of correcting a fundumentally unjust incarceration. <u>Engle v. Isaac,</u> 456 U.S. 107 135.

Although petitioner did not raise a claim attacking the sufficiency of the evidence in State Court. He did raise the issue as it releated to the evidence itself. The record is plain on it's face that the evidence was wholly insufficient to convict petitioner and absent this courts intervention, petitioner will suffer a grave miscarriage of justice. Counsels failure to presen an argument on the sufficiency of the evidence is but one more example of petitioner having to endure ineffective assistance of counsel throughout these proceedings.

## CONCLUSION.

WHerefore, and for those reasons stated, petitioner prays that this honorable court grant him the relief sought.

Respectfully submitted
*Mark Barclay* # 434-816
Mark Barclay.
Man.C.I.
P.O. Box 788
Mansfield, Ohio 44901

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Answer to Return Of Writ.

_____ ,

has been sent by regular U.S. Mail to Stephanie Warner Bircher; Asst. Attorney

General; 150 E. Gay Street, , Columbus , Ohio

43215 , on this 25 day of November , 2005 .

Mark Barclay 434-816

DEFENDANT, *pro se*