UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK BARCLAY, | ) | Case No.: 5:05CV143 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | Magistrate Judge George J. Limbert |
| vs. | ) | |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

On January 24, 2005, Mark Barclay ("Petitioner") executed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. Electronic Case Filing ("ECF") Dkt. #1. On March 24, 2005, the Honorable Christopher Boyko referred the instant matter to the undersigned for a Report and Recommendation. ECF Dkt. #5. Respondent Margaret Bradshaw, Warden of the Mansfield Correctional Institution in Mansfield, Ohio ("Respondent") has filed an answer/return of writ. ECF Dkt. #9. For the following reasons, the undersigned recommends that this Court find that Petitioner has procedurally defaulted all of his grounds for relief and dismiss the federal habeas corpus petition with prejudice.

**I.    FACTUAL BACKGROUND/PROCEDURAL HISTORY**

   **A.    STATE TRIAL COURT PROCEEDINGS**

On February 12, 2002, the Summit County Grand Jury indicted Petitioner on one count of aggravated murder in violation of Ohio Revised Code §2903.01(A), two counts of

-1-

kidnapping in violation of Ohio Revised Code §2905.01(A)(3), and one count of abuse of a corpse in violation of Ohio Revised Code §2927.01. ECF Dkt. #9, Attachment #1, Exhibit 1. Petitioner entered not guilty pleas to the charges and proceeded to trial. ECF Dkt. #9, Attachment #1, Exhibits 2, 4.

On October 25, 2002, the trial court issued a journal entry indicating that the jury had found Petitioner guilty of aggravated murder, two counts of kidnapping, and abuse of a corpse as charged in the indictment. ECF Dkt. #9, Attachment #1, Exhibit 5. In the same entry, the trial court sentenced Petitioner to fifteen years to life on the aggravated murder conviction, eight years of imprisonment on each of the kidnapping convictions, and ten months of imprisonment for the abuse of a corpse conviction. *Id*. The trial court also ordered that Petitioner serve the sentences for the two counts of kidnapping and abuse of a corpse concurrently with one another but consecutively with the sentence for aggravated murder. *Id.*

On October 28, 2002, the trial court issued an amended judgment entry indicating that prior to trial, it had granted the motion filed by the prosecutor to amend the aggravated murder charge in the indictment to murder. ECF Dkt. #9, Attachment #1, Exhibit 6. The trial court further indicated that the jury had found Petitioner guilty of murder as contained in the first count of the amended indictment and had found Petitioner guilty of the two counts of kidnapping and the charge of abuse of a corpse. *Id.* The court also corrected its sentence to impose a sentence for the crime of murder. *Id*. The jury verdict forms reflect that they found Petitioner guilty of the offense of murder, two counts of kidnapping and one count of the abuse of a corpse. ECF Dkt. #9, Attachment #1, Exhibit 4.

On November 5, 2002, the trial court issued a journal entry amending its prior journal entry to include a statement ordering that Petitioner serve the kidnapping and abuse of a corpse sentences concurrently to each other but consecutive to the sentence for the murder conviction. ECF Dkt. #9, Attachment #1, Exhibit 7.

### B.     DIRECT APPEAL

On November 22, 2002, Petitioner, through new counsel, timely appealed his conviction and filed an appellate brief with the Ninth District Court of Appeals arguing the following sole assignment of error:

> **ASSIGNMENT OF ERROR**
> APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

ECF Dkt. #9, Attachment #1, Exhibits 8-9.  The State filed a responsive appellate brief and on October 15, 2003, the Ninth District Court of Appeals announced its decision addressing Petitioner's assignment of error and affirming the trial court's judgment and sentence.  ECF Dkt. #9, Attachment #2, Exhibits 10-11.

On December 1, 2003, Petitioner, pro se, filed an appeal to the Supreme Court of Ohio. ECF Dkt. #9, Attachment #2, Exhibit 12.  In his memorandum in support of jurisdiction, Petitioner presented the following sole proposition of law:

> PROPOSITION OF LAW NUMBER ONE
>
> WAS[sic] APPELLANT'S CONVICTIONS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE?

ECF Dkt. #9, Attachment #3, Exhibit 13. The State filed a memorandum in opposition of jurisdiction and on March 3, 2004, the Ohio Supreme Court denied Petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question.  ECF Dkt. #9,

Attachment #3, Exhibit 14; ECF Dkt. #9, Attachment #4, Exhibit 15.

**C.     RULE 26(B) APPLICATION**

On February 2, 2004, while his appeal was pending before the Ohio Supreme Court, Petitioner, pro se, filed an application to reopen his appeal with the Ninth District Court of Appeals. ECF Dkt. #9, Attachment #4, Exhibit 16. Petitioner raised the following assignments of error in his appellate brief:

> ASSIGNMENT OF ERROR NUMBER ONE
>
> APPELLANT WAS TWICE CONVICTED AND SENTENCED FOR AGGRAVATED MURDER IN VIOLATION OF R.C. 2903.02, IN DIRECT VIOLATION OF THE LEGAL PROHIBITION AGAINST DOUBLE JEOPARDY.
>
> ASSIGNMENT OF ERROR NUMBER TWO
>
> APPELLANT WAS ALSO UNLAWFULLY TRIED AND CONVICTED OF AGGRAVATED MURDER UNDER R.C. 2903.01(B) BY VIRTUE OF THE STATE HAVING CHARGED SAID CRIME BY MEANS OF A "CONSTRUCTIVE" AMENDMENT TO THE INDICTMENT MADE DURING TRIAL AND BY PRESENTING EVIDENCE TO PROVE TO THE JURY THAT APPELLANT WAS GUILTY OF [AGGRAVATED] MURDER AND KIDNAPPING AS PROVIDED BY R.C. 2903.01(B).
>
> ASSIGNMENT OF ERROR NUMBER THREE
>
> APPELLANT WAS TWICE CHARGED AND CONVICTED OF KIDNAPPING UNDER R.C. 2905.01(A)(3) IN VIOLATION OF THE LEGAL PROHIBITION AGAINST DOUBLE JEOPARDY.
>
> ASSIGNMENT OF ERROR NUMBER FOUR
>
> APPELLANT WAS CHARGED WITH MULTIPLE OFFENSES IN EACH COUNT OF THE INDICTMENT THEREBY CREATING DUPLICITY.
>
> ASSIGNMENT OF ERROR NUMBER FIVE
>
> APPELLANT WAS CHARGED WITH THE SAME OFFENSE IN SEVERAL

> COUNTS OF THE INDICTMENT AND SUCH MULTIPLICITY VIOLATES DOUBLE JEOPARDY AND REQUIRES REVERSAL OF THE ACCUSED[sic] CONVICTION.

ECF Dkt. #9, Attachment #4, Exhibit 16.  On February 23, 2004, the Ninth District Court of Appeals denied Petitioner's Rule 26(B) application, finding that he had untimely filed his application and failed to show good cause to excuse the untimely filing.  ECF Dkt. #9, Attachment #4, Exhibit 17.

On March 19, 2004, Petitioner, pro se, appealed the denial of his Rule 26(B) application to the Supreme Court of Ohio.  ECF Dkt. #9, Attachment #5, Exhibit 18.  In his memorandum in support of jurisdiction before the Ohio Supreme Court, Petitioner raised the following propositions of law:

> PROPOSITION OF LAW NUMBER ONE
>
> WAS APPELLANT DEPRIVED OF HIS FUNDAMENTAL RIGHT TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL AS GUARANTEED UNDER THE CONSTITUTIONS OF THE STATE OF OHIO, AND THE UNITED STATES.
>
> PROPOSITION OF LAW NO. 2
>
> DID THE APPELLATE COURT ABUSE ITS DISCRETION IN DENYING APPELLANT'S REQUEST TO REOPEN HIS APPEAL AS UNTIMELY FILED.

ECF Dkt. #9, Attachment #5, Exhibit 18.  The State of Ohio filed a memorandum in opposition to jurisdiction and on May 26, 2004, the Supreme Court of Ohio dismissed Petitioner's appeal as not involving any substantial constitutional question.  ECF Dkt. #9, Attachment #6, Exhibits 19-20.

 **D.** **FEDERAL HABEAS CORPUS PETITION**

On January 24, 2005, Petitioner, pro se, executed a petition for writ of habeas corpus

-5-

which was filed in this Court on January 27, 2005.  ECF Dkt. #1.  In his petition, Petitioner raises the following grounds for relief:

> Ground one: Petitioner was twice tried and convicted of the same offense, in violation of double jeopardy prohibition.
>
> Supporting FACTS: multiple charges arising from the same conduct resulted in multiple convictions for the same offense of kidnap[sic].  Petitioner was further tried for aggravated murder after the charge was amended to murder and the aggravated murder charge dismissed, and multiple judgment entries rendering judgment of conviction for aggravated murder and murder were issued.
>
> Ground Two: Petitioner's indictment was constructively amended, duplicitous and multiplicitous, and failed to give reasonable notice of the substance of the charges against him, in violation of his right to indictment under the Fifth Am.
>
> Supporting FACTS: The indictment in this case was amended from aggravated murder to murder prior to trial, but Petitioner was tried and convicted of aggravated murder under a different theory (felony in place of prior calculation and design).  In addition multiple counts of kidnap[sic] were charged from a single incident.
>
> Ground Three: Petitioner was deprived of the effective assistance of counsel at trial in violation of the Sixth and Fourteenth Amendments.
>
> Supporting FACTS: Trial counsel failed to raise any objections to the improper indictment, or the improper judgment of conviction and sentence as evidenced by multiple nunc pro tunc entries by the trial court correcting multiple mistakes.
>
> Ground Four:  Petitioner was deprived of effective assistance of counsel on appeal, in violation of the Sixth and Fourteenth Amendments.
>
> Supporting FACTS: Appointed appellate counsel failed to raise significant and obvious issues of constitutional magnitude in favor of a weak manifest weight argument, where the extant issues held a reasonable probability of success on appeal, prejudicing the result of the appeal and positioning Petitioner for procedural defaults with regard to the extant issues.

ECF Dkt. #1 at 5-6.  On September 21, 2005, Respondent filed an answer/return of writ.  ECF Dkt. #9.  On November 28, 2005, Petitioner filed his traverse.  ECF Dkt. #11.

## II.     STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 24, 2005, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d). However, a petitioner must overcome several procedural barriers before a reviewing court will review the merits of the petition for writ of habeas corpus. As Justice O'Connor notes in *Daniels v. United States,* "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

The AEDPA statute of limitations period for filing Petitioner's petition for a writ of federal habeas corpus is not at issue in the instant case. However, Respondent asserts that Petitioner has procedurally defaulted all four of his grounds for relief because he failed to fairly present his first three grounds for relief in the state courts and untimely filed his Rule 26(B) application that contained the fourth ground for relief. ECF Dkt. #9 at 8.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner

must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *Id.* (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.) cert. denied, 509 U.S. 907 (1993)(quotation omitted).

Unless an exception applies, the Court must dismiss a petition for lack of exhaustion if it contains at least one issue which was not presented to the state courts so long as a remedy is still available for the petitioner to pursue in the state courts. *Rose v. Lundy*, 455 U.S. 509, 518-520, (1982). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay*

*v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. However, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1) whether the petitioner failed to comply with an applicable state procedural rule;

(2) whether the state courts actually enforced the state procedural sanction;

(3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4) if the above are met, whether the petitioner has demonstrated "cause" and

-9-

"prejudice."

*Id.* at 138.

As set forth in the last factor of the *Maupin* test, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims
>
>> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D.Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

If a habeas petitioner overcomes the procedural obstacles as described in the foregoing section, the AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) the United States Supreme Court held that a state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* In contrast, the Supreme Court held that a state court adjudication involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* With respect to its "unreasonable application" holding, the Supreme Court emphasized that a federal habeas court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410. Rather, a federal habeas court may issue the writ only if the state court's application of clearly established federal law was objectively unreasonable.[1] *Id.*; *Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

### III. DISCUSSION

---

[1] In determining whether a state court's adjudication was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, this Court must presume as correct any factual findings made by the state courts, unless petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

-11-

Respondent contends that Petitioner has procedurally defaulted all of his grounds for relief because he failed to fairly present them before the Ohio courts.  ECF Dkt. #9 at 8.  Petitioner concedes in his traverse that his grounds for relief have been procedurally defaulted.  ECF Dkt. #11 at 6.  However, the undersigned will nevertheless analyze the grounds for relief under the procedural default doctrine.

In his first ground for relief, Petitioner complains that he was twice tried and convicted for the same offense of murder and kidnapping in violation of the Double Jeopardy Clause.  ECF Dkt. #1 at 5.  In his second ground for relief, Petitioner challenges the amendment of the indictment against him, asserting that even though the trial court amended the indictment, he was nevertheless tried and convicted of aggravated murder under the felony murder doctrine rather than the prior calculation and design theory of aggravated murder.  *Id.*  In his third ground for relief, Petitioner alleges that his trial counsel was ineffective in failing to object to an improper indictment and the improper conviction and sentence by the trial court.  *Id.* at 6.  In his fourth ground for relief, Petitioner alleges the ineffectiveness of appellate counsel.  *Id.*

Petitioner raised none of these grounds for relief on direct appeal.  ECF Dkt. #9, Attachment #1, Exhibit 9 at 7; ECF DKt. #9, Attachment #3, Exhibit 13 at 1.  The only issue that Petitioner argued on direct appeal was that his conviction was against the manifest weight of the evidence.  *Id*.  Petitioner instead raised his grounds for relief for the first time before the intermediate appellate court in a Rule 26(B) application.  ECF Dkt. #9, Attachment #4, Exhibit 16 at 2-5. However, he raised these claims not in support of an ineffective assistance of appellate counsel claim, but as direct claims that should have been brought on appeal.  An application for reopening under Rule 26(B) of the Ohio Rules of Appellate Procedure is "a

procedural mechanism for raising claims of appellate counsel ineffectiveness, not for bootstrapping underlying constitutional claims that were omitted from the direct appeal in the first place." *Stojetz v. Ishee*, --F.Supp.2d-- 2005 WL 2416546, (S.D. Ohio 2005). Accordingly, only Petitioner's ineffective assistance of appellate counsel claim can be preserved in a Rule 26(B) application for reopening. *Id.* Because only Petitioner's ineffective assistance of appellate counsel claim was preserved in his Rule 26(B) application for reopening, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his first three grounds for relief because he failed to properly present them to the Ohio courts and therefore denied those courts the opportunity to consider these claims.

This leaves remaining Petitioner's fourth ground for relief alleging the ineffectiveness of appellate counsel. While stating in the introductory paragraph of his Rule 26(B) application that he is asserting the ineffective assistance of appellate counsel, Petitioner mentions nothing about the ineffective assistance of appellate counsel in any of his assignments of error in the application. In fact, except for the brief mention in his introduction, Petitioner does not even describe appellate counsel's alleged ineffectiveness or the prejudice that resulted therefrom. In each assignment of error presented in the Rule 26(B) application, Petitioner merely asserts alleged errors committed by the trial court. ECF Dkt. #9, Attachment #4, Exhibit 16. In his first and second assignments of error, Petitioner complains that he was twice convicted and sentenced for aggravated murder. *Id.* at 2-5. In his third assignment of error, Petitioner alleges that he was unlawfully tried and convicted twice for kidnapping. *Id.* at 5-6. In his fourth assignment of error, Petitioner contends that he, along with his co-defendants, were charged with multiple offenses in each count of the indictment which created duplicity. *Id.* at 6-7. And

Petitioner's fifth assignment of error again challenges Petitioner's perception that he was charged with the same offense in several counts of the indictment which constituted multiplicity and violation of his double jeopardy protections. *Id*. at 7-8. Because Petitioner has failed to properly present his claims before the Ohio courts, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his fourth ground for relief.

Even accepting that Petitioner had properly raised all four of the instant grounds for relief in his Rule 26(B) application, the undersigned recommends that the Court find that Petitioner's grounds for relief are nevertheless procedurally defaulted because Petitioner untimely filed his Rule 26(B) application. In determining whether the *Maupin* factors are met, this Court must look to the last explained state court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). If that last reasoned opinion imposed a procedural default, a presumption arises, if petitioner fails to present strong evidence to the contrary, "that a later decision rejecting the claim did not silently disregard the bar and consider the merits." *Id.* at 803. The bar to federal review is removed if the last state court to review the claim reaches its merits. *Id*. at 801. Because the Ohio Supreme Court summarily denied Petitioner leave to appeal the denial of his Rule 26(B) application by the intermediate appellate court, the undersigned shall look to the intermediate appellate court's reasoned opinion.

Applying the *Maupin* factors to Petitioner's claims, Petitioner failed to comply with the applicable state procedural rule under Rule 26(B) of the Ohio Rules of Appellate Procedure as that Rule requires that the party moving to reopen an appeal file the application within ninety days of the journalization of the appellate judgment unless he shows good cause for excusing the time limitation. OHIO APP. R. 26(B). Petitioner filed his Rule 26(B) application on

-14-

February 2, 2004 which is 110 days after the appellate judgment. ECF Dkt. #9, Attachment #4, Exhibit 16; ECF Dkt. #9, Attachment #4, Exhibit 17. Because Petitioner's Rule 26(B) application was untimely, the Ohio appellate court reviewed Petitioner's application in order to see if his reasons for his untimeliness constituted good cause for his late filing. ECF Dkt. #9, Attachment #4, Exhibit 17. In its dismissal of Petitioner's Rule 26(b) motion on untimeliness grounds, the Ohio Court of Appeals rejected Petitioner's assertions that his untimely filing was due to his inability to obtain assistance from fellow inmates who had ability in the law and his failure to procure an affidavit from an assistant public defender who had reviewed his file and indicated that he had no meritorious issues to appeal. *Id.* The court found that Petitioner had failed to demonstrate how these factors prevented him from timely filing his application and held that none of these reasons constituted "good cause" to excuse his untimeliness in filing. *Id.* Thus, the undersigned recommends that the Court find that the first two criteria of *Maupin* have been met as Petitioner failed to comply with the applicable state procedural appellate rule of Rule 26(B) which required the filing of an application to reopen within ninety days or a finding of good cause to excuse a delayed filing, and the Ohio appellate court actually enforced Rule 26(B) by denying Petitioner's application to reopen because it was untimely filed.

The undersigned therefore proceeds to the third criteria of *Maupin*, that is, determining whether the state procedural bar under Rule 26(B) of the Ohio Rules of Appellate Procedure is an "adequate and independent" state ground on which the state can foreclose federal review. In order to be found independent, neither the state rule itself nor the state court enforcing the rule can rely on any part of federal law. *Smith v. Ohio, Dept. of Rehabilitation and Correction,* 331 F.Supp.2d 605, 621-622 (N.D.Ohio 2004), quoting *Fautenberry v. Mitchell*, No. C-1-00-332,

2001 WL 1763438 (S.D. Ohio Dec. 26, 2001).  For a court to find that a procedural ground is adequate, the rule must be "'firmly established and regularly followed' at the time it was applied." *Smith*, 331 F.Supp.2d at 618, citing *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002).

The Sixth Circuit Court of Appeals has held that as of June 1998, the "good cause" requirement to deny an untimely Rule 26(B) application was an adequate and independent state ground in which to bar federal habeas corpus review of ineffective assistance of appellate counsel claims.  *Smith,* 331 F.Supp.2d at 621-622, citing *Monzo*, 281 F.3d at 578.  Petitioner in this case filed his Rule 26(B) application in February 2004, well after the "good cause" requirement of Rule 26(B) was fairly and firmly established by the Ohio courts.  Accordingly, the undersigned recommends that the Court find that the third factor of *Maupin* is met.

Consequently, the only way that Petitioner can escape the procedural default of all of his grounds for relief in the instant federal habeas corpus petition is to meet the fourth element of *Maupin*, that is, "the petitioner must demonstrate, consistent with *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), that there was 'cause' for him to neglect the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Lancaster v. Adams,* 324 F.3d 423, 437 (6th Cir. 2003), citing *Greer v. Mitchell,* 264 F.3d 663, 672-73 (6th Cir.2001) (internal citations omitted), *cert. denied,* 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); *see also Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986).  Or a petitioner can avoid a procedural default by showing that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged

constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

In his traverse, Petitioner concedes that he has procedurally defaulted his grounds for relief but asserts as cause that the Ohio Public Defender's Office informed him only days before his deadline "to file his merit brief to the Ohio Supreme court (i.e. the States[sic] highest Court.) that they would not be providing assistance to him. ECF Dkt. #11 at 6. Petitioner concludes that this left him very little time to prepare a timely appeal so that he could exhaust his claims for Federal review. *Id*.

The undersigned recommends that the Court reject this first reason advanced as cause to excuse Petitioner's procedural default. Petitioner concentrates only on reasons for an alleged delayed filing in the Ohio Supreme Court in his traverse, but he neglects to address his reasons for failing to timely file his Rule 26(B) application, which is the filing at issue here which resulted in his procedural default. In his Rule 26(B) application itself, Petitioner asserted as cause for his untimely application that the Ohio Public Defender's Office delayed informing him that no issues of arguable merit existed to raise an application for reopening as he was informed on January 5, 2004 and had until January 13, 2004 in which to file the application. ECF Dkt. #9, Attachment #4, Exhibit #16. The appellate court found that this did not constitute good cause and the undersigned agrees as Petitioner had eight days within which he could have filed an application and did not do so.

Petitioner's only other stated reason for cause to excuse his procedural default is that a fundamental miscarriage of justice would occur if his grounds for relief are not reviewed by this

Court. ECF Dkt. #11 at 7. Petitioner contends that "the record is plain on its face that the evidence was wholly insufficient to convict petitioner and absent this courts[sic] intervention, petitioner will suffer a grave miscarriage of justice. Counsels[sic] failure to presen[sic] an argument on the sufficiency of the evidence is but one more example of petitioner having to endure ineffective assistance of counsel throughout these proceedings." *Id.*

There are a narrow class of cases that implicate the fundamental miscarriage of justice exception to a procedural default. *Schlup v. Delo,* 513 U.S. 298, 316, 115 S.Ct. 851, 861 (1995). In order to establish that a fundamental miscarriage of justice has occurred, a petitioner must present evidence of actual innocence. *Id.* The United States Supreme Court has held that:

> Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim. However, if a petitioner such as Schlup presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.

*Id.*

In this case, Petitioner asserts that the evidence was legally insufficient to convict him. He does not argue that he is factually innocent of the crimes and he presents no new evidence of innocence. ECF Dkt. #11. Accordingly, the undersigned recommends that the Court find that Petitioner's grounds for relief are not excused from the procedural default bar due to a fundamental miscarriage of justice.

## IV.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted all four of his grounds for relief and has failed to establish

cause and prejudice or that a fundamental miscarriage of justice will occur if his grounds for relief are not reviewed. Consequently, the undersigned recommends that the Court dismiss the instant Petition for the Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 with prejudice.

Date:   December 13, 2005                          */s/George J. Limbert*
                                                   George J. Limbert
                                                   United States Magistrate Judge


     ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).